IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

ARMAND JOSEPH CASAZZA,

Petitioner,

vs.

STATE OF MONTANA,

Respondent.

Cause No. CV 25-58-M-DWM

ORDER

Petitioner Armand Joseph Casazza ("Casazza"), a pretrial detainee incarcerated at the Missoula County Detention Center, filed an amended petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 3.)

The Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). The Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 Governing Section 2254 Cases. As explained below, because Casazza's petition is unexhausted, it will be dismissed without prejudice.

**Motion to Proceed in Forma Pauperis**

Casazza seeks leave of the Court to proceed in forma pauperis. (Doc. 4.) Although he has not provided a copy of his inmate account statement, a review of the motion reveals he may not be able to afford the costs associated with this action. Additionally, there is no basis to delay this matter further. The motion will be granted.

**Background**

Casazza was originally arrested on August 18, 2024, and detained until August 22, 2024. (Doc. 3 at 1.) He claims he was denied due process during this time period. He was subsequently released. Casazza was arrested again on December 26, 2024, and claims he was denied due process until January 7, 2025. (*Id.*) He asserts he was falsely imprisoned for five days during the initial period of incarceration and then again for thirteen days during his second incarceration. (*Id.* at 1-2.) He also claims his appointed counsel is not providing adequate representation. (*Id.* at 2-4, 6.) Casazza asks that his state charges be dismissed. (*Id.* at 7.)

A review of the Fourth Judicial District Court's docket reveals that Casazza has two active matters presently pending in the state court, *State v. Casazza*, DC 2024-741 and *State v. Casazza*, DC 2-24-524.[1] *See Tigueros v. Adams*, 658 F. 3d

[1] For purposes of clarity, the Clerk of Court will be directed to attach copies of these dockets to

983, 987 (9th Cir. 2011)(court may take judicial notice of proceedings in other courts, within and without the federal judicial system if those proceedings have a direct relation to the matters at issue). Although a trial date has not yet been set in either matter, it appears Casazza has been ordered to be evaluated at the Montana State Hospital.

**Analysis**

As an initial matter, Casazza is advised that this Court can only consider purported errors of federal law and does not sit in direct review of state matters. Federal district courts, as courts of original jurisdiction, do not serve as appellate tribunals to review errors allegedly committed by state courts. *MacKay v. Pfeil*, 827 F. 2d 540, 543 (9th Cir. 1987); *see also Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970) ("lower federal courts possess no power whatever to sit in direct review of state court decisions"). Thus, even if Casazza believes the State of Montana has erroneously detained him and failed to arraign him within 72 hours, those claims involve the application of state law and are not proper or cognizable grounds for relief in a federal habeas corpus proceeding. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Hendricks v. Zenon,* 993 F. 2d 664, 674 (9th Cir. 1993) (claim exclusively concerned with state law not cognizable in federal habeas). It would be wholly improper for this Court

---

this Order.

to attempt to vacate orders entered in a state court or order dismissal of pending charges.

28 U.S.C. §2241 "provides generally for the granting of writs of habeas corpus by federal courts, implementing 'the general grant of habeas authority provided by the Constitution.'" *Frantz v. Hazey*, 533 F. 3d 724, 735 (9th Cir. 2008 (en banc) (quoting *White v. Lambert*, 370 F. 3d 1002, 1006 (9th Cir. 2004). Section 2241 provides the authority for granting habeas relief to a person "who is not in custody pursuant to a state court judgment" but, rather, who is in custody for some other reason, such a pretrial detention or awaiting extradition. *White*, 370 F. 3d at 1006.

"District Courts are authorized by 28 U.S.C. §2241 to consider petitions for habeas corpus." *Castro-Cortez v. INS*, 239 F. 3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Bargas v. Gonzales*, 548 U.S. 30 (2006). "That section does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." *Id.*; *see also Liang v. Ashcroft*, 370 F. 3d 994, 1000-1001 (9th Cir. 1994). The principles of federalism and comity, however, require that this court abstain and not entertain a pretrial habeas challenge unless the petitioner shows: (1) exhaustion of available state judicial remedies, and (2) "special circumstances" warrant federal intervention. *Carden v. Montana*, 626 F. 2d 82, 83-4 & n.1 (9th Cir.), *cert. denied,* 449 U.S. 1014 (1980);

*see also, Younger v. Harris*, 401 U.S. 37, 43-54 (1971); *Samuels v. Mackell*, 401 U.S. 66, 68-74 (1971)(under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances).

On the face of his petition, Casazza acknowledges that he has not yet been convicted or sentenced and that his state criminal proceedings are ongoing. As set forth above an independent review of his state criminal dockets confirms that both matters are in their initial stages. Further, Casazza has not attempted to challenge his detention in any fashion within the state court system. (Doc. 3 at 2, 6.) Thus, to the extent that Casazza could present cognizable claims, these claims are unexhausted.

Moreover, the exception for "special circumstances" is limited to "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against state prosecutions appropriate." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971); *Carden*, 626 F. 2d at 84. Casazza's disagreement with the course of his state proceedings and conclusory allegations in support thereof, are not the type of unusual circumstances that might justify an exception to *Younger* abstention. Casazza may attempt to obtain the relief he seeks via his pending state court

proceedings or on direct appeal.

Casazza has not exhausted his state court remedies, and his situation does not involve an adequately "unusual" circumstance. His § 2241 petition will be dismissed without prejudice.

**Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The claims Casazza attempts to present are unexhausted and do not meet the "unusual circumstances" exception to abstention. Accordingly, reasonable jurists would find no reason to encourage additional proceedings at this time.

Based on the foregoing, the Court enters the following:

**ORDER**

1. Casazza's Amended Petition (Doc. 3) is DISMISSED without prejudice.

2. The motion to proceed in forma pauperis (Doc. 4) is GRANTED. The Clerk of Court is directed to waive payment of the filing fee.

3. The Clerk of Court is directed to file a copy of the state court dockets in *State v. Casazza*, DC 2024-741, and *State v. Casazza*, DC 2-24-524, as exhibits to this Order.

4. The Clerk of Court is directed to enter a judgment of dismissal.

5. A certificate of appealability is DENIED.

DATED this 19th day of May, 2025.

Donald W. Molloy, District Judge
United States District Court